| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **COURT PREPARED ORDER**<br><br>☐ *Individual appearing without attorney*<br>☐ *Attorney for Movant* | **FILED & ENTERED**<br><br>**MAY 31 2016**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** bakchell **DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –** *Los Angeles* **DIVISION**

| In re:<br><br>HELEN FUNG,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:16-bk-15784-RK<br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION**<br>**FOR ORDER IMPOSING A STAY OR**<br>**CONTINUING THE AUTOMATIC STAY**<br><br>DATE:  May 31, 2016<br>TIME:  11:00 a.m.<br>COURTROOM: 1675<br>PLACE: 255 E. Temple Street<br>               Los Angeles, CA 90012 |
|---|---|

**Movant** *(name)*: Helen Fung

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following property (Property):  All property of the estate.

   ☐ Vehicle *(describe year, manufacturer, type and model)*:

   *Vehicle identification number:*
   *Location of vehicle (if known):*

   ☐ Equipment *(describe manufacturer, type, and characteristics)*:

   *Serial numbers(s):*
   *Location (if known):*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*                                                      Page 1                                       **F 4001-1.IMPOSE.STAY.ORDER**

☐ Other personal property *(describe type, identifying information, and location)*:

☐ Real property:

   *Street Address:*
   *Unit Number:*
   *City, State, Zip Code:*

   Legal description or document recording number (*including county of recording*):

   ☐ See attached page.

3. The Motion is granted on the grounds that:
   a. ☒ The present case was filed in good faith.
   b. ☐ The Property is of consequential value or benefit to the estate.
   c. ☐ The presumption of bad faith under 11 U.S.C. § 362(c)(3)(C)(i) or (c)(4)(D)(i) has been overcome as to all creditors.
   d. ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(3)(C)(ii) or (c)(4)(D)(ii) has been overcome.

4. The stay of 11 U.S.C. § 362(a) is
   a. ☒ Imposed *as to all creditors* until further order of the court.
   b. ☐ Imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.
   c. ☐ Imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.
   d. ☐ Continued *as to all creditors* until further order of the court.
   e. ☐ Continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.
   f. ☐ Continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

5. ☐ The stay shall be imposed or continued in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this order.

6. ☐ See attached continuation page for additional provisions.

See continuation of the court's ruling on the next page.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*    Page 2    **F 4001-1.IMPOSE.STAY.ORDER**

The court declines to grant Debtor's request in her motion to reimpose the automatic stay as to the property located at 286 Hazelridge Dr., Rancho Palos Verdes, CA 90275, because: (1) the court by Judge Zurzolo in debtor's prior bankruptcy case, No. 2:15-bk-21213 VZ Chapter 13 (Bankr. C.D. Cal., stay relief order entered on August 28, 2015), granted in rem stay relief pursuant to 11 U.S.C. 362(d)(4), which is a final order of the court and has res judicata effect, and evidence in opposition to the motion indicates that this stay relief order was duly recorded as required by the order; and (2) the property was sold in a foreclosure sale on or about October 8, 2015 before the debtor's bankruptcy petition was filed in this case, which apparently shows that the property is not an asset of this bankruptcy estate (however, the court does not reach the merits of any claim that there was a wrongful foreclosure since such a claim is not properly before the court on this motion). *See, In re Perl,* 811 F.3d 1120 (9th Cir. 2016).

###

Date: May 31, 2016

_____
Robert Kwan
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*                    Page 3                    **F 4001-1.IMPOSE.STAY.ORDER**