FILED & ENTERED

AUG 02 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>HELEN FUNG,<br><br>　　　　　Debtor. | Case No. 2:16-bk-15784-RK<br><br>Chapter 7<br><br>**MEMORANDUM DECISION AND ORDER ON: (1) DEBTOR'S EMERGENCY MOTION TO RECLAIM HER BELONGINGS; (2) DEBTOR'S VENDOR CHINA NANGUANG FACTORY'S EMERGENCY MOTION TO RECLAIM ITS BELONGINGS; (3) DEBTOR'S URGENT MOTION TO RECLAIM CASH AND OTHER BELONGINGS OF HER AND HER COUSIN, LEE NANGUANG; AND (4) AIM UNITED, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY AS AMENDED** |

　　　This bankruptcy case came on for hearing before the undersigned United States Bankruptcy Judge on July 20, 2016 and August 2, 2016 on the contested matters of: (1) Debtor Helen Fung's ex parte emergency motion to reclaim her belongings, ECF 31, filed on June 3, 2016; (2) Debtor's Vendor China NanGuang Factory's emergency motion to reclaim its belongings, ECF 39, filed on June 14, 2016; (3) Debtor's urgent motion to reclaim cash and other belongings of her and her cousin, Lee NanGuang, ECF 41, filed on June 21, 2016; and (4) AIM United, LLC's motion for relief from the automatic stay,

ECF 45, filed on June 28, 2016, as amended by the first amended motion for relief from the automatic stay, ECF 50, filed on June 29, 2016.  By order entered on June 27, 2016, the court continued the prior hearings on these motions and set hearings on the motions not yet set for hearing for July 20, 2016 at 1:30 p.m.  At the hearings on July 20, 2016 and August 2, 2016, Debtor Helen Fung appeared for herself, and Sandra L. Stevens and Matthew Whitten, of the law office of Nussbaum APC, appeared for AIM United, LLC.  Having considered the moving and opposing papers, the exhibits contained therein, and the oral and written arguments of the parties, the court hereby rules on the motions.

Debtor commenced this bankruptcy case, No. 2:16-bk-15784 RK Chapter 7, on May 2, 2016 by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C.  Debtor is self-represented in this case.  Debtor had filed at least one prior bankruptcy case in this court, including a Chapter 13 bankruptcy case before Judge Zurzolo.  *In re Helen Lim-Suk Fung*, No. 2:15-bk-21213 VZ Chapter 13, dismissed on October 1, 2015.  Request for Judicial Notice, ECF 20, Exhibit 4.  In the prior Chapter 13 bankruptcy case before Judge Zurzolo, Oregon Trail, AIM United, LLC's predecessor-in-interest, obtained stay relief by order entered on August 28, 2015, to pursue its nonbankruptcy collection remedies, including foreclosure of its lien against Debtor's real property at 28635 Hazelridge Drive, Rancho Palos Verdes, California  90275, securing a loan it made to Debtor; a copy of the order was recorded with the County Recorder of Los Angeles County, California, on September 3, 2015.  Request for Judicial Notice, ECF 20, Exhibit 9.  Stay relief was granted pursuant to 11 U.S.C. § 362(d)(4) providing that the order was binding in any other case purporting to affect Debtor's real property no later than 2 years after the entry of the order.  *Id.*  A foreclosure sale of Debtor's real property on Oregon Trail's lien was conducted on October 8, 2015, and AIM United, LLC was the purchaser of the property at the foreclosure sale.  Request for Judicial Notice, ECF 20, Exhibit 1.  AIM United, LLC brought an unlawful detainer action against Debtor for possession of the real property in the Superior Court of California, County of Los Angeles, Governor Deukmejian Courthouse, Long Beach, California, entitled *AIM United,*

*LLC v. Helen Fung*, and obtained a judgment for possession of the real property and unpaid rent and damages, entered on November 25, 2015. Request for Judicial Notice, ECF 20, Exhibit 7. The foreclosure sale, the unlawful detainer action and the judgment for possession occurred after Debtor's prior Chapter 13 bankruptcy case before Judge Zurzolo was dismissed on October 1, 2015 and before Debtor filed this Chapter 7 bankruptcy case on May 2, 2016.

On May 19, 2016, pursuant to the unlawful detainer judgment obtained by AIM United, LLC, the Los Angeles County Sheriff's Office executed the writ of possession on the real property, evicted Debtor and her family from the real property, and AIM United, LLC took possession of the real property. When AIM United, LLC took possession of the real property, personal property at the real property were left behind by Debtor, including furniture, furnishings, household items, electronics and clothing, and AIM United, LLC gave written notice of the right to reclaim this left behind or "abandoned" personal property from the real property. This personal property remained at the real property from May 19 to May 27, 2016, and was not reclaimed, though the parties dispute why the personal property was not reclaimed with AIM United, LLC saying that Debtor refused to reclaim the personal property and Debtor saying that she was unreasonably refused access to the premises. On May 27 and 28, 2016, AIM United, LLC caused a moving company to pack up the personal property from the real property and moved it to a storage unit in Anaheim, Orange County, California.

Debtor filed emergency motions for herself and other parties, including her cousin, Lee NanGuang , and her cousin's company, China NanGuang Factory, Ltd. (also referred to as "China Shenzhen Nanguang Furniture Co., Ltd."), to reclaim the removed personal property from AIM United, LLC, seeking access to, and recovery of, allegedly illegally removed property, and damages for the removed property, some of which was missing or damaged. The court conducted preliminary hearings on these motions, and granted partial relief to Debtor to inspect and examine the personal property at the storage unit with the consent of AIM United, LLC. AIM United, LLC filed its own motion for stay relief

3

for cause under 11 U.S.C. § 362(d)(1) to allow it to exercise its nonbankruptcy legal remedies to dispose or sell the "abandoned" personal property after the execution of the writ of possession from the unlawful detainer action under California Civil Code § 1980 *et seq*.

By order entered in this case on May 31, 2016, this court granted Debtor's motion to continue the automatic stay pursuant to 11 U.S.C. § 362(c)(3), but in such order, declined Debtor's request to reimpose the stay as to the real property in light of Judge Zurzolo's final and non-appealed stay relief order granting in rem relief as to the real property. ECF 28, entered on May 31, 2016.

The court first addresses procedural issues of Debtor's standing to represent other parties in the motions she filed seeking relief on behalf of these nondebtor third parties in Debtor's Vendor China NanGuang Factory's emergency motion to reclaim its belongings and Debtor's urgent motion to reclaim cash and other belongings of her and her cousin, Lee NanGuang.

Debtor signed Debtor's Vendor China NanGuang Factory's emergency motion to reclaim its belongings on its behalf as its agent. At the hearing on July 20, 2016, Debtor acknowledged that she is not an attorney at law and that China NanGuang Factory is a corporation. Since China NanGuang Factory is an artificial entity and not an individual, it must appear by counsel pursuant to Local Bankruptcy Rule 9011-2(a) and may not be represented by Debtor, who is not an attorney. Therefore, the court denies this motion without prejudice on procedural grounds for lack of compliance with the representation requirements of Local Bankruptcy Rule 9011-2(a).

Debtor also signed Debtor's urgent motion to reclaim cash and other belongings of her and her cousin, Lee NanGuang, ECF 41, filed on June 21, 2016. By this motion, Debtor is asserting the rights of both herself and her cousin, Lee NanGuang, in their belongings. Despite Debtor's acknowledgment at the hearing on July 20, 2016 that she is not an attorney at law, she asserts that she may represent the interests of her cousin, Lee NanGuang, based on a power of attorney that she holds from him. Under Local

Bankruptcy Rule 9011-2(b), Debtor may represent herself, but since she is not an attorney, she may not represent another person, Mr. Lee, even though he is her relative. Mr. Lee may appear and represent himself or have an attorney represent him. *Id.* Since Lee NanGuang is another person, Debtor may not represent him and lacked authority to sign the motion on his behalf to reclaim or recover his property, and therefore, the court denies this motion without prejudice on procedural grounds as to relief sought on behalf of Lee NanGuang for lack of compliance with the representation requirements of Local Bankruptcy Rule 9011-2(b).

At the hearing on July 20, 2016, Debtor stated that she has filed an action in the Superior Court of California, County of Los Angeles, at the Torrance, California, Courthouse, entitled *Helen Fung v. Oregon Trail Corp. and AIM United, LLC*, No. YC 070991, for damages for wrongful foreclosure and eviction regarding the property. She said that a hearing in the state court action was scheduled for August 24, 2016 at 8:30 a.m. in Department M at the Torrance Courthouse.

In her moving papers and at the hearings on the motions, Debtor contended that many of the articles of personal property which were illegally removed from the real property belonged to her cousin, Lee NanGuang, or his business, China NanGuang Factory, Ltd., which she allowed them to store these items on the property. Debtor asserted as their agent that AIM United, LLC return the property. Although Debtor represented on her Statement of Financial Affairs in her bankruptcy schedules that she did not hold or control any property that someone else owns by answering no to Question 23 that asked if she held control of any property that someone else owns, including any property she borrowed from, are storing for or holding in trust for someone, she in the Motion for her cousin's business, China NanGuang Factory, Ltd., claimed that this business had an office in her home since 1995 and had many belongings stored in her house (i.e., the real property), including $198,500 in cash, furniture samples and office equipment. In another motion seeking return of personal property owned by Debtor and her cousin, Debtor asserted damages against AIM United, LLC for cash of $198,500

1 owned by her and her cousin in the safe missing from her house and her belongings
2 worth $591,500.  However, at the hearing on August 2, 2016, Debtor clarified that the
3 claimed damages were to his cousin's property, not her property, or property of her
4 bankruptcy estate, and the damages to her cousin's property now totals $600 million,
5 including $400 million alone for 10 ceramic objects, some of which date back several
6 thousand years.  AIM United, LLC argued, and the court noted, that Debtor only listed as
7 her personal property she owned on her bankruptcy schedules household and personal
8 items valued at $3,950, a vehicle valued at $3,000 and cash in a bank account valued at
9 $250.

10      In reviewing Debtor's motions to reclaim property and AIM United, LLC's stay relief
11 motion, the court considers whether it should hear these motions or abstain from hearing
12 these motions under the principles of permissive abstention set forth by the Ninth Circuit
13 in *In re Tucson Estates, Inc.,* 912 F.2d 1162 (9th Cir. 1990) pursuant to 28 U.S.C. §
14 1334(c)(1).  In considering permissive abstention and related stay relief, the Ninth Circuit
15 listed twelve factors that courts may consider: (1) the effect or lack thereof on the efficient
16 administration of the estate if the court recommends abstention; (2) the extent to which
17 state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature
18 of the applicable law; (4) the presence of a related proceeding commenced in state court
19 or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. §
20 1334; (6) the degree of relatedness or remoteness of the proceeding to the main
21 bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8)
22 the feasibility of severing state law claims from core bankruptcy matters to allow
23 judgments to be entered in state court with enforcement left to the bankruptcy court; (9)
24 the burden of the bankruptcy court's docket; (10) the likelihood that the commencement
25 of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11)
26 the existence of the right to a jury trial; and (12) the presence of nondebtor parties.
27 Although some of the factors are neutral here, there are a number of factors which the
28 court gives great weight that indicate that the court should permissively abstain here.

Abstention will have little effect on the efficient administration of the bankruptcy estate because the disputes raised by the left behind personal property really involve property not owned by Debtor, but owed by other, nondebtor parties, namely, Debtor's cousin, Lee NanGuang, and his business, China NanGuang Factory, Ltd. In her papers, Debtor asserts that most of the removed personal property is his or his business rather than hers. As such, much of the dispute is over personal property which is not part of Debtor's bankruptcy estate. Only personal property of minimal value, household and personal items with a listed value of $3,950, and a vehicle with a listed value of $3,000, as personal property items on her bankruptcy schedules, may be part of the bankruptcy estate, and she has claimed these items as exempt and not available to the bankruptcy estate to pay creditors. Thus, abstention would have little effect on the efficient administration of Debtor's bankruptcy estate (factor (1)). The disputes over the appropriate disposition of the left behind or "abandoned" personal property are state law issues and not bankruptcy issues since such issues are governed by California Civil Code §§ 1980-1988 (factor (2)). There are related state court proceedings involving these disputes over the left behind personal property since the disputes arise from the writ of possession executed by AIM United, LLC from the judgment it obtained in the state court unlawful detainer lawsuit and Debtor currently maintains her state court lawsuit against AIM United, LLC for illegal foreclosure and eviction. Thus, the parties are involved in related state court proceedings involving these disputes (factor (4)). The jurisdictional basis over the disputes here are "related to" jurisdiction under 28 U.S.C. § 1334 at best as the disputes are over whether AIM United, LLC has complied with the procedures for disposing of left behind or "abandoned" personal property under California Civil Code §§ 1980-1988. The court previously by granting in rem stay relief allowed AIM United, LLC's predecessor, Oregon Trail, to exercise its nonbankruptcy remedies to enforce its lien, including foreclosure, against the real property, and it appears that AIM United, LLC with in rem stay relief being granted to its predecessor in interest obtained a writ of possession for the real property which it became the owner of and had the right to

1  execute on the writ against Debtor as the occupant of the real property.  No other
2  jurisdictional basis is cited for this court hearing the motions (factor (5)).  The disputes are
3  somewhat remote to the main bankruptcy case since the disputes are over personal
4  property which mostly belongs to nondebtor parties, Debtor's cousin and his business
5  (factor (6)).  The disputes involve issues of state law relating to disposition of left behind
6  personal property after an eviction pursuant to a writ of possession from an unlawful
7  detainer action, which are noncore state law proceedings (factor (7)).  This litigation
8  would burden the bankruptcy court's docket since the disputes raise issues of state law
9  rather than bankruptcy law as the disputes are over disposition of personal property
10  which belongs to nondebtor parties and not to Debtor as she has admitted in the hearings
11  on the motions as recently as on August 2, 2016 (factor (9)).  The likelihood that the
12  commencement of the proceeding in bankruptcy court involves forum shopping by one of
13  the parties is present here in that this bankruptcy case is at least the third bankruptcy
14  case affecting the real property instituted by Debtor in her own name and in the name of
15  her business, Fengschmidt International, Inc., for which the court has already granted
16  stay relief to AIM United, LLC or its predecessor (factor (10)).  The presence of nondebtor
17  parties may also be a factor because the disputes raised by the motions are mainly over
18  the personal property owned by nondebtor parties, Debtor's cousin, Lee NanGuang, and
19  his business, China NanGuang Factory, Ltd. (factor (12)).

20       Given the existence of many of the permissive abstention and related stay relief
21  factors from the *Tucson Estates* case, the court will permissively abstain from hearing
22  Debtor's motions to reclaim property and for damages since these matters are noncore
23  state law disputes and will grant AIM United, LLC's stay relief motion for cause.  The
24  disputes between AIM United, LLC, and Debtor and her cousin and his business raised
25  by Debtor's motions are noncore state law disputes which are better left for resolution in
26  accordance with state law and for adjudication in state court, whether in AIM United,
27  LLC's unlawful detainer case or in Debtor's pending wrongful foreclosure and eviction
28  case.

8

Accordingly, IT IS ORDERED AS FOLLOWS:

1. The court abstains from hearing the contested matter of Debtor Helen Fung's ex parte emergency motion to reclaim her belongings, ECF 31, filed on June 3, 2016, pursuant to 28 U.S.C. § 1334(c)(1).

2. The court denies on procedural grounds Debtor's Vendor China NanGuang Factory's emergency motion to reclaim its belongings, ECF 39, filed on June 14, 2016.

3. As to nondebtor party, Lee NanGuang, the court denies on procedural grounds Debtor's urgent motion to reclaim cash and other belongings of her and her cousin, Lee NanGuang, ECF 41, filed on June 21, 2016.

4. As to Debtor, the court abstains from hearing the contested matter of Debtor's urgent motion to reclaim cash and other belongings of her and her cousin, Lee NanGuang, ECF 41, filed on June 21, 2016, pursuant to 28 U.S.C. § 1334(c)(1).

5. The court grants AIM United, LLC's motion for relief from the automatic stay, ECF 45, filed on June 28, 2016, as amended by the first amended motion for relief from the automatic stay, ECF 50, filed on June 29, 2016, for cause under 11 U.S.C. 362(d)(1).

6. Because the court grants AIM United, LLC's motion for relief from stay, as amended, on the terms and conditions recited herein, the court orders that AIM United, LLC submit a proposed final order on its motion for relief from stay on the court's mandatory form order, Local Bankruptcy Form F 4001-1.RFS.PP.ORDER, within 14 days of entry of this memorandum decision and order. In granting the motion, the court does not grant the waiver of the 14 day stay on enforcement of the stay relief order pursuant to Federal Rule of

///

///

///

9

Bankruptcy Procedure 4001(a)(3) in the event that Debtor takes an appeal of the final order granting AIM United, LLC's stay relief motion.

**IT IS SO ORDERED.**

###

Date: August 2, 2016

_____
Robert Kwan
United States Bankruptcy Judge